# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

| | |
|---|---|
| United States of America<br>v.<br>Parsa Ervin | Case No: 5:22-CR-0006-008<br>USM No: 89188-509 |
| Date of Original Judgment: 01/25/2023<br>Date of Previous Amended Judgment: N/A<br>*(Use Date of Last Amended Judgment if Any)* | Kenneth Ronald Smith<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

Parsa Ervin was originally sentenced on January 19, 2023, to a term of 57 months imprisonment. His imprisonment is to be followed by one year of supervised release. The Court determined that his total offense level was 27 and his criminal history category was II, which yielded an advisory sentencing range of 78 to 96 months. His criminal history subtotal was one (1). Two additional criminal history points were added for being under a criminal justice sentence when he committed the instant Federal offense. This resulted in 3 criminal history points which yielded a criminal history category II. Part B, subchapter 1 of Amendment 821 provides an eligible defendant with a two-level reduction under the newly created provision found at USSG § 4C1.1(a), if the defendant did not receive any criminal history points from Chapter 4, Part A. In this case, this reduction does not apply.

Part A of Amendment 821 of the United States Sentencing Guidelines eliminated "status points" for being under a criminal justice sentence at the time of the instant offense for defendants with six or less criminal history points. The defendant would not receive one point for being under a criminal justice sentence. Therefore, a total of one (1) criminal history point would yield a criminal history category of I. A total offense level 27 with a criminal history category I, yields an advisory sentencing range of 70 to 87 months. However, at the time of sentencing, the Court varied downward after considering the factors found at 18 U.S.C. § 3553(a). As such, the defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2) because his original sentence (57 months) is below the newly calculated range (70 to 87 months), and any further reduction is not authorized pursuant to USSG § 1B1.10(b)(2)(A). For the above reasons, his Motion to Reduce Sentence is DENIED.

Except as otherwise provided, all provisions of the judgment dated ___01/25/2023___ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: __4/4/24__

Effective Date: _____
*(if different from order date)*

_____
*Judge's signature*

Tillman E. Self, III, U.S. District Judge
*Printed name and title*